### JACKSON vs. ODDIE.

APPEAL from the court of the parish and city of New Orleans.

The United States have no lien for debts due them. They have only a right to priority of payment out of funds in the hands of the representative of the insolvent.
The legal lien of the landlord is of a higher nature than the claim of the United States on custom house bounds.

MARTIN, J. delivered the opinion of the court. This is an action for house rent, the plaintiff prayed besides a citation, that the defendant's goods in the house, or lately removed therefrom, might be seized; and goods to a considerable amount were accordingly seized.

John Clark filed his petition of intervention, stating himself to be a privileged creditor, of a higher dignity than the plaintiff, having paid sundry bonds, on which he was surety for the defendant, at the custom house, and being bound with him in other bonds there.

Davies intervened also, he said that a quanti-

ty of port wine seized was his property; having been consigned by him to the defendant.

There was judgment for Clark. Davies appealed, and the plaintiff afterwards.

By the statement of facts, all the parties admit that the property of the defendant was attached, as that of an absent debtor, by Clark on the 8th of October, 1823.

All the property sequestered in this case, was afterwards attached by            under a process from the district court.

The defendant's property is not sufficient to pay his debts.

The seizure for rent by the plaintiff was prior to that of Clark or any other.

The defendant had a lease from the plaintiff, and the rent was payable quarterly.

The seizure was made on the last quarter falling due.

Spier, a witness for Clark, produced a list of bonds, which he deposed were taken up for the defendant, at the custom house, with money delivered up to him for that purpose by Clark; the witness acting as agent for the defendant, who was unable to pay and had requested the witness to call on Clark, for funds. The amount is $1969 92. He received the amount

of each bond, as they respectively became payable. He gave no security to Clark, but once gave an order for $1000 on the defendant, at New York, to cover the amount of bonds paid and other transactions; but the order was neither accepted nor paid.

By an additional statement of facts, it is admitted that Davies was the owner of the portwine, claimed by him and sold by the sheriff.

The judgment was entered in the U. S. court against Clark, as the defendant's surety on the custom house bonds stated in the schedule, annexed to the record, two of which Clark paid.

The defendant's property sold was sufficient to pay the rent, viz: $1360. The claimant Davies' wine sold for $470.

The defendant applied in New York, for the benefit of the insolvent laws of New York, on or about the 20th of September, 1823.

The present suit was instituted on the 1st of October, 1823.

The case has been submitted without argument, and our attention called to the following question, whether Clark is to be paid out in whole or part of the defendant's property, in

East'nDistrict. preference to the rent, and if so, what is the
*June*, 1824. amount so promised.

JACKSON
*vs.*
ODDIE.

The United States had no lien on the property, seized for rent. They have a right of priority of payment, out of funds in the hands of the assignee, or representative of their insolvent debtors, on custom house bonds. The case shews it is true a deficiency of funds and an *application* for the benefit of the insolvent law, in the state of New York.

The lien of a mortgagee or pledge creditor, on the property mortgaged and pledged in a case like this, would not yield to the claim of the U. S. The legal lien of the landlord is not weaker than that of the mortgagee or pledgee. The judgment creditor is bound to respect it.

We think the parish court erred.

It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, and proceeding to pronounce that which, in the opinion of this court, ought to have been given, it is ordered, adjudged, and decreed, that the plaintiff be paid his rent out of the proceeds of property of the defendant, seized & that the proceeds of the port wine be paid to the defendant Davies—the costs in the parish court being first deducted out of the

proceeds of the defeudant's property, and if any thing remain after paying these and the rent, to be paid to Clark, who is to pay costs in this court.

*Livermore* for the plaintiff, *Pierce* for the defendant.